Filed 5/8/23 P. v. Miller CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080249 |
| v. | (Super.Ct.No. BPR2201156) |
| KENNETH BRANDON MILLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sylwia Luttrell, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed with directions.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kenneth Brandon Miller appeals the order of the Riverside County Superior Court revoking his parole pursuant to Penal Code sections

1

3000.08 and 1203.2.[1]  We will affirm with directions to correct the minutes of the parole revocation hearing.

## BACKGROUND

Defendant is required to register as a sex offender as a result of his December 2004 conviction for indecent exposure.  (§ 314.).

In April 2018, defendant was convicted of violating subdivision (b) of section 290.018 because he failed to comply with the registration requirement and was sentenced to a 32-month term in prison.  We affirmed his conviction in *People v. Miller* (Dec. 4, 2018, E070554) [nonpub. opn.].

Defendant was released on parole in August 2019 subject to terms and conditions, which defendant acknowledged.  Since then, defendant has violated terms and conditions of his parole on numerous occasions, including absconding without participating in GPS monitoring and thereafter (i) disabling his GPS monitor on three occasions and (ii) twice failing to charge the monitor in accordance with a special condition of his parole.

In October 2022, defendant (who was a transient) again failed to charge the GPS monitor as required even though he had been transported to the parole office where an electricity source was made available to him.  While there, he became involved in an altercation that led to his arrest, and the discovery in his sweater of a glass pipe known to be used for smoking methamphetamine.  The People filed a petition for revocation of defendant's parole.

---

[1]  All statutory references herein are to the Penal Code.

Following a contested hearing on November 10, 2022, the court ordered revocation of defendant's parole and sentenced him to a county jail term of 135 days. The order was based upon the court's findings that the People had met their burden of establishing defendant had violated his parole by possessing drug paraphernalia and failing to charge his GPS monitoring device  Those findings are not reflected in the minute order.  The minutes of the hearing reflect a finding by the court that defendant was in violation of his parole supervision "for the Charge(s) 01," which was a charge of engaging in criminal conduct (battery).  The reporter's transcript indicates the court found the People did not establish that violation.

Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief in accordance with the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 stating that counsel reviewed the record and did not find an arguable issue.  We offered defendant an opportunity to submit a supplemental brief and advised him that failure to do so might result in dismissal of his appeal as abandoned.  He did not file a brief.

In view of the absence of any issue tendered by defendant or his counsel, we would exercise our discretion to dismiss this appeal were it not for the need to direct the trial court to correct the minute order of the parole revocation hearing.  As noted *ante*, the minutes of that hearing state the court found defendant violated his parole by engaging in criminal conduct of battery, which is contrary to the court's statement reflected in the reporter's transcript.  In addition, the reporter's transcript indicates the court found the

3

People established defendant's possession of drug paraphernalia and his failure to charge his GPS monitor, but those findings are not contained in the minutes. Where there is a discrepancy between the reporter's transcript and the minutes that cannot be harmonized, which record will prevail depends on the circumstances of each particular case. (*People v. Harrison* (2005) 35 Cal.4th 208, 226.) Here, we deem the reporter's transcript to be the accurate record.

## DISPOSITION

The judgment is affirmed with directions to correct the November 10, 2022 minute order as follows: (i) delete "For The Charge(s) (01)." and, (ii) substitute the deleted language with: "For the charges of possession of drug paraphernalia (charged violation 2) and failure to charge GPS device as instructed (charged violation 3)."

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

4